# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| B.B., by and through his Parents, CATHERINE B. JIMMY B., | : : : | |
| Plaintiff, | : : | |
| v. | : : | Civil Action No. 16-806-CFC |
| DELAWARE COLLEGE PREPARATORY ACADEMY, and DELAWARE DEPARTMENT OF EDUCATION | : : : : : | |
| Defendants. | : : | |

---

Lauren M. O'Connell Mahler, MCANDREWS LAW OFFICES, P.C., Wilmington, Delaware; Michael E. Gehring, MCANDREWS LAW OFFICES, P.C., Berwyn, Pennsylvania

*Counsel for Plaintiffs*

Valerie A. Dunkle, DELAWARE DEPARTMENT OF JUSTICE, Dover, Delaware.

*Counsel for Defendant Delaware Department of Education*

## **MEMORANDUM OPINION**

February 27, 2019
Wilmington, Delaware

_____

CONNOLLY, UNITED STATES DISTRICT JUDGE

Plaintiff B.B. (the "Plaintiff" or "B.B."), by and through his parents Catherine B. and Jimmy B. (the "Parents"), move for reconsideration of the court's opinion dated May 8, 2017 granting a motion by Defendant Delaware Department of Education (the "Department") to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) (hereinafter, the "Dismissal Opinion"). (D.I. 19). Plaintiff's complaint appeals the administrative decision of a due process hearing panel denying his claims for a compensatory education pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq., and its federal and state implementing regulations, including 14 Del. Admin. C. § 922 et seq. (hereinafter, the "Panel Decision"). (D.I. 1). For the reasons set forth below, I will deny Plaintiff's motion for reconsideration.

## I.  BACKGROUND

### A. The IDEA

The IDEA requires states receiving federal education funding to provide a free appropriate public education to disabled children. *Coleman v. Pottstown School Dist.*, 581 F. App'x 141, 146 (3d Cir. 2014); 20 U.S.C. § 1400(d)(1)(a). A free appropriate public education "consists of educational instruction specially designed to meet the unique needs of the handicapped child, supported by such services as are

1

necessary to permit the child to benefit from the instruction." *Ridley Sch. Dist. v. M.R.*, 680 F.3d 260, 268–69 (3d Cir. 2012) (internal punctuation omitted). An individualized education program ("IEP") is a written plan created by a team that includes the child's parents and teachers. 20 U.S.C. § 1414(d)(1)(B). The IEP sets forth the package of special educational and related services that are to be provided to the disabled child. *Carlisle Area Sch. Dist. v. Scott P.*, 62 F.3d 520, 526 (3d Cir. 1995); *Geis v. Bd. of Educ. of Parsippany-Troy Hills, Morris Cty.*, 774 F.2d 575, 578 (3d Cir. 1985). The team must review the IEP "not less than annually" and make revisions as appropriate to ensure that the child is still receiving a free appropriate public education that meets his or her unique needs. 20 U.S.C. § 1414(d)(4)(A).

The IDEA establishes several procedural safeguards for the parents of a disabled child, including the right to present an administrative due process complaint to the school district "with respect to any matter relating to ... the provision of a free appropriate public education to such child." 20 U.S.C. § 1415(b)(6). If the school district does not resolve the administrative complaint to the parents' satisfaction, the parents have the right to request an impartial due process hearing held before a panel appointed by the Secretary of the Department of Education. 20 U.S.C. § 1415(f)(1); 14 *Del. C.* § 3135. Absent two exceptions—neither of which Plaintiff invokes here—the parents must request a hearing "within 2 years of the date the parent[s] ...

knew or should have known about the alleged action that forms the basis of the complaint." 20 U.S.C. § 1415(f)(3)(C). This date is sometimes referred to as the "KOSHK" date.

## B. Factual Background[1]

B.B. attended Red Clay Consolidated School District ("Red Clay") at the West End Head Start preschool during the 2012-2013 school year. (D.I. 1 at ¶ 17). Red Clay identified B.B. as a student eligible for and in need of special education services. (*Id.* at ¶ 19). On November 30, 2012, a team with Red Clay developed an IEP for B.B. that included speech and language therapy six times per month, for 30 minutes per session. (*Id.*). In August 2013, B.B. entered the kindergarten class at a public charter school called the Delaware College Preparatory Academy (the "Academy"). (*Id.* at ¶¶ 10, 20, 23). By November 30, 2013, which was the one-year anniversary of B.B.'s first IEP, the Academy had not evaluated B.B. for special education services, provided any special education services to him, or ensured that the IEP team conducted its annual review of the IEP as required. (*Id.* at ¶ 20)

Three months later, on February 20, 2014, B.B.'s mother, Catherine B., sent a letter to the Academy, noting that the IEP was over a year old and requesting that

---

[1]     Unless otherwise noted, the facts recited herein are taken from Plaintiff's complaint, which I generally "accept as true" for purposes of deciding a motion to dismiss. *See Spruill v. Gillis,* 372 F.3d 218, 223 (3d Cir. 2004).

the Academy evaluate B.B. (*Id.* at ¶ 22). The next day, February 21, 2014, Parents, on behalf of B.B., filed an administrative due process complaint (the "February 2014 complaint"). (*Id.* at ¶ 23). The February 2014 complaint alleged that the Academy had "denied B.B. a [free appropriate public education] by failing to provide him with speech services for his entire kindergarten year and by failing to update B.B.'s expired IEP." (*Id.*). The February 2014 complaint requested that the Academy fund an outside evaluation of B.B. to determine his academic levels and speech and language therapy needs, as well as provide compensatory speech therapy services. (*Id.*). In May 2014, Parents voluntarily withdrew the February 2014 complaint in order to seek the assistance of new legal counsel. (*Id.*).

According to Plaintiff, as of the end of August 2014:

> [The Academy] still had not initiated an evaluation of B.B. or convened a meeting to revise B.B.'s IEP. [The Academy] consistently failed to comprehensively evaluate B.B.'s educational needs, allowed his IEP to expire, and failed to provide him speech services for a full school year ....These failures were ongoing and continued through September 2014, when B.B. was disenrolled from [The Academy].

(*Id.* at ¶ 26).

On April 1, 2016, through new counsel, Parents filed another administrative due process complaint (the "April 2016 complaint").[2] (*Id.* at ¶ 29). By this time, the Academy's charter had been revoked by the Red Clay School Board, so the April 2016 complaint named both the Academy and the Department as respondents. (*Id.* at ¶¶ 28-29). The April 2016 complaint sought "an award of compensatory education for [the Academy's] failure to provide B.B. a [free appropriate public education] from September 2013 through September 2014." (*Id.* at ¶ 29). On June 16, 2016, the hearing panel issued the Panel Decision dismissing the April 2016 complaint based on the IDEA's two-year statute of limitations and the doctrine of latches. (*Id.* at ¶ 4; D.I. 4-1)

**C. Procedural History**

Plaintiff appealed the Panel Decision by filing a complaint in this court, and the Department responded by filing a motion to dismiss. (D.I. 1; D.I. 4). The Department argued that dismissal of the complaint was warranted because: (i) the April 2016 administrative complaint was barred by the statute of limitations; (ii) the April 2016 administrative complaint was untimely under the doctrine of laches; (iii)

---

[2]    The Panel Decision and the Dismissal Opinion refer to the February 2014 complaint as the "first complaint" and the April 2016 complaint as the "third complaint." (D.I. 4-1 at 9 ¶ 1; D.I. 17 at ¶¶ 5, 7). I do not mention a second administrative complaint, filed in August 2014, because it is not relevant to the court's analysis.

the Department was joined as an improper party in the administrative complaint; and (iv) service of process was insufficient under Fed. R. Civ. P. 12(b)(5). (D.I. 4 at 6-13). On May 8, 2017, the honorable Sue L. Robinson, now retired, entered the Dismissal Opinion, granting the Department's motion to dismiss because of Plaintiff's failure to file the April 2016 administrative complaint within the IDEA's two-year statute of limitations.[3] (D.I. 17; D.I. 18). Because dismissal was granted based on the statute of limitations, the Dismissal Opinion did not address the Department's other arguments. On May 19, 2017, Plaintiff timely filed a motion for reargument and/or to alter or amend judgment pursuant to local rule 7.1.5. and Fed. R. Civ. P. 59(e). (D.I. 19). The case has now been re-assigned to me.

## II. STANDARD OF REVIEW

A motion for reargument under Local Rule 7.1.5 is the "functional equivalent" of a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e). *See Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1352 (3d Cir. 1990). "The standard for

---

[3]  Plaintiff takes issue with the statement in the Dismissal Opinion that the motion to dismiss is granted because "the complaint is untimely." (*See* D.I. 19 at 5 n. 4). Plaintiff points out that his complaint was filed within the 90-day deadline set by statute. (*Id.* (citing 20 U.S.C. § 1415(i)(2)(B)). The statement in the Dismissal Opinion is not, as Plaintiff asserts, "manifestly incorrect" because it is clear from the context, especially the Department's opening brief, that the Dismissal Opinion was referring to the April 2016 administrative complaint, not the complaint filed in this action. (*Id.*).

obtaining relief under Rule 59(e) is difficult to meet." *Butamax Advanced Biofuels LLC v. Gevo Inc.*, 2015 WL 4919975, at *1 (D. Del. Aug. 18, 2015); *see also* L.R. 7.1.5 ("Motions for reargument shall be sparingly granted."). A court should exercise its discretion to alter or amend its judgment only if the movant demonstrates one of the following: (1) a change in the controlling law; (2) a need to correct a clear error of law or fact or to prevent manifest injustice; or (3) availability of new evidence not available when the judgment was granted. *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reargument is "not properly grounded on a request that a court rethink a decision already made and may not be used 'as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided.'" *Butamax*, 2015 WL 4919975, at *1 (quoting *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990)). Plaintiff argues that reconsideration is warranted to prevent a clear error of law and fact and to prevent manifest injustice. (D.I. 19 at 5).

## III.  DISCUSSION

Plaintiff raises several arguments in his motion for reargument, including that the Dismissal Opinion relied on matters outside the complaint, improperly used a motion to dismiss to resolve a statute of limitations defense, allowed the Department

to raise new arguments in its reply, reached the wrong conclusion as to Plaintiff's KOSHK date, and failed to allow Plaintiff's claims to proceed under a continuing violation theory or on those separate injuries that arose within the statute of limitations. I address each argument in turn.

## A. Matters Not Outside the Complaint

According to Plaintiff, a court considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is limited to "the four corners of the complaint." (D.I. 19 at 2; D.I. 6 at ¶ 4). That is not entirely correct. On a motion to dismiss, the court considers "the pleading, any document integral to or explicitly relied upon by the plaintiff in framing the pleading, any undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document, any matters incorporated by reference or integral to the claim, items subject to judicial notice, and matters of public record." *D.M. ex rel. Ray v. Phila. Housing Auth.*, 613 F. App'x 187, 189 n. 6 (3d Cir. 2015) (internal quotations and citations omitted). "Matters of public record" include "administrative decisions." *El-Hewie v. Bergen Cty.*, 348 Fed. App'x 790, 794 (3d Cir. 2009). Accordingly, it is not error for a trial court to consider on a motion to dismiss the opinion of an administrative agency. *See Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 257 n. 5 (3d Cir. 2006) (rejecting plaintiff's

8

argument that the trial court should have treated a motion to dismiss that attached a copy of an agency's opinion as a motion for summary judgment).

The cases cited by Plaintiff are not to the contrary. (D.I. 6 at ¶ 30). In *Snyder v. Baxter Healthcare, Inc.*, the Third Circuit held that it was improper to consider when reviewing a motion to dismiss an affidavit that set forth additional allegations of discriminatory behavior by defendants. 393 F. App'x 905, 907 & 907 n. 4 (3d Cir. 2010). In *La Coe v. Pennsylvania State University*, the trial court denied the plaintiff's motion for leave to file a declaration adding new factual allegations that would have "better respond[ed] to the factual issues raised by [the defendant]" in his motion to dismiss. 2015 WL 2095471, at *1-2 (M.D. Pa. May 5, 2015). Here, the Department did not ask the court to consider any affidavits or declarations, but only the Panel Decision. Thus, the Department, and by extension the court, did not improperly rely on matters outside the complaint on the motion to dismiss.

## B. Deciding a Statute of Limitations Defense on a Motion to Dismiss

Plaintiff takes issue with the dismissal of his claims on procedural grounds "without consideration of the substance of the issues raised in the Complaint," because "[t]he *entire purpose* of this action is for the Court to fully and comprehensively decide ... the correctness of the Panel Decision." (D.I. 19 at 1-2 (emphasis in original)). It is well-established, however, that a complaint may be

9

dismissed under the statute of limitations without reaching the merits of the substantive claims. *See, e.g., Berkeley v. West Indies Enter., Inc.*, 480 F.2d 1088, 1092 (3d Cir. 1973) (affirming dismissal of claims based on the statute of limitations). As the Supreme Court explained, statutory limitations periods are

> designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared. The theory is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them.

*Bowen v. City of New York*, 476 U.S. 467, 482 n. 13 (1986) (quoting *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554 (1974)); *see also Solis v. CitiMortgage, Inc.*, 700 F. App'x 965, 970 (11th Cir. 2017) ("Statutes of limitations exist to prevent the passage of time from interfering with the just determination of fact, to eliminate stale claims, and to provide certainty regarding a defendant's liabilities.").

It is also well-established that "a defendant may raise a statute of limitations defense by a motion to dismiss under Fed. R. Civ. P. 12(b)(6) if it is apparent on the face of the complaint that the action is barred." *Singer v. Bureau of Prof'l & Occupational Affairs*, 523 F. App'x 185, 186 (3d Cir. 2013). In raising a statute of limitations defense on a motion to dismiss, a defendant is not literally limited to the face of the complaint. "As with motions to dismiss generally, in considering a statute of limitations defense, [the court] may consider not only the allegations in the

complaint but also exhibits attached to the complaint and matters of public record."

*Gould v. Borough*, 615 F. App'x 112, 115 (3d. Cir. 2015). Accordingly, if it is apparent from the face of the complaint, any matters incorporated by reference or integral to the complaint, items subject to judicial notice, and matters of public record, that the administrative complaint was not filed with the hearing panel within the applicable two-year statute of limitations, then it is proper for a district court to dismiss the complaint as untimely without reaching the merits of Plaintiff's substantive claims.

The cases cited by Plaintiff (D.I. 19 at 2) are distinguishable. In *J.L. ex rel J.L. v. Ambridge Area Sch. Dist.*, the court decided that any inquiry into the statute of limitations would require "a highly factual determination" as to when the parents "'knew or should have known' of the violations that formed the basis of their complaint." 622 F. Supp. 2d 257, 266-67 (W.D. Pa. 2008). In *Swope v. Central York School District*, the court indicated that the statute of limitations defense could not be resolved on a motion to dismiss, because it was not clear from the complaint when the parents knew or should have known of the violations that formed the basis of the complaint. 796 F. Supp. 2d 592, 605 (M.D. Pa. 2011). Thus, these cases support the general rule that "when 'the pleading does not reveal when the limitations period began to run[,] ... the statute of limitations cannot justify Rule 12

dismissal.'" *Schmidt v. Skolas*, 770 F.3d 241, 251 (3d Cir. 2014) (quoting *Barefoot Architect, Inc. v. Bunge*, 632 F.3d 822, 835 (3d Cir. 2011)).  Here, however, it is clear from the complaint and the Panel Decision that Plaintiff filed the April 2016 complaint after the statute of limitations had run.

## C. Defendant's Arguments on the Motion to Dismiss

The Department argued in its brief in support of the motion to dismiss that the date Plaintiff knew or should have known of the alleged violation was either December 2013, when Parents first became aware that the IEP for B.B. was not being implemented, or February 21, 2014, when the first administrative complaint was filed.  (D.I. 4 at 7).  In support of this argument, the Department pointed to the testimony of B.B.'s mother, Catherine B., given at the due process hearing and recounted in the Panel Decision.  (*Id.* (citing D.I. 4-1 at 10 ¶ 6, 18 ¶ a-b, 19 ¶ c, f)). According to the portion of the Panel Decision cited by the Department, Catherine B. testified "that she knew in December, 2013 that [the Academy] did not have an IEP for [B.B.]."  (D.I. 4-1 at 10 ¶ 6, 18 ¶ a, 19 ¶ b).  In addition, "[Catherine B.] knew that [the Academy] did not timely review the Red Clay IEP as she had a copy of the IEP set forth as State Exhibit 2 which explicitly says that [the IEP] ends on '11/20/13,'" and "testified she inquired about [the IEP's] review in December, 2013 when she called School."  (*Id.* at 19 ¶ b).  The Department argued that even if this

hearing testimony were set aside, "[i]t is unquestionable that by February 2014, when Catherine B. sent handwritten letters to the Academy telling the school that it failed to comprehensively evaluate B.B. and [the] First Complaint was filed, the injury was known." (D.I. 4 at 7).

In opposition to the motion to dismiss, Plaintiff took issue with the Department's reliance on the Panel Decision, arguing that a statute of limitations defense on a motion to dismiss is limited to the face of the complaint. (D.I. 6 at ¶¶ 32, 37). The Department replied that even if the court were to confine itself to the allegations in the complaint, the complaint itself supported the Department's alternative argument that the KOSHK date for the alleged violation was February 21, 2014. (D.I. 8 at ¶ 10). According to Plaintiff's complaint, the first administrative complaint filed on February 21, 2014 alleged that the Academy violated the IDEA "by failing to provide [B.B.] with speech services for his entire kindergarten year and by failing to update B.B.'s expired IEP." (*Id.* (citing D.I. 1 at ¶ 23)). Therefore, the Department argued, the court "does not have to rely on any information outside of the Complaint to clearly show that Plaintiffs knew that B.B.'s IEP was not being implemented well before the two-year IDEA statute of limitations." (D.I. 8 at ¶ 11).

In his motion for reargument, Plaintiff argues that the Department raised in its reply "an entirely new argument," i.e., that the "Complaint could be dismissed *on*

*the face of the Complaint* based on IDEA's statute of limitations." (D.I. 19 at 3 (emphasis in original)). In Plaintiff's words: "Because this issue was first raised in a reply, Plaintiffs had no right to respond to it. Yet it was on this sole basis that the Court dismissed the Family's Complaint." (*Id.*).

I reject Plaintiff's argument for two reasons. First, the Department did not raise an entirely new argument in its reply. The Department's motion argued in the alternative that the KHOSK date was February 21, 2014, the date the first administrative complaint was filed. (D.I. 4 at 7). The Department's reply simply pointed out that the same facts from the Panel Decision that supported the statute of limitations defense could also be found in Plaintiff's complaint. (D.I. 8 at ¶¶ 10-11). Second, if the Department had in fact raised an entirely new argument, as Plaintiff asserts, then Plaintiff was not without a right to respond to it. A non-moving party always has the right to respond to new arguments raised in a reply by requesting leave to file a sur-reply. *See Novartis AG v. Actavis, Inc.*, 243 F. Supp. 3d 534, 540 (D. Del. 2017) (stating that, under Del. L.R. 7.1.2, the court may grant leave to file a surreply if it responds to new evidence, facts, or arguments). As Plaintiff did not request leave to file a sur-reply, he cannot now cry foul.

**D. The KOSHK Date**

Ultimately, the Department's statute of limitations defense depends on two facts: (1) the date Plaintiff knew or should have known of the violations that serve as the basis of the April 2016 administrative complaint, often referred to as the "KOSHK date"; and (2) the date Plaintiff filed the April 2016 administrative complaint. In the Dismissal Opinion, the court concluded that the KOSHK date was February 21, 2014, because that was the date Plaintiff filed his first administrative complaint, and the injuries alleged in the first administrative complaint were the same as the injuries alleged in the April 2016 administrative complaint. (D.I. 17 at ¶ 10). Plaintiff takes issue with this conclusion, arguing that it improperly relies on disputed facts in the Panel Decision. (D.I. 19 at 4). Assuming, without deciding, that the Dismissal Opinion improperly relied on disputed facts, the same conclusion can be drawn from matters that are not outside the pleadings and over which there should be no dispute.

According to Plaintiff's complaint, the February 2014 administrative complaint alleged that the Academy had "denied B.B. a [free appropriate public education] by failing to provide him with speech services for his entire kindergarten year and by failing to update B.B.'s expired IEP." (D.I. 1 at ¶ 23). B.B.'s kindergarten year was from September 2013 to September 2014. (*Id.* at ¶ 17). The

February 2014 complaint requested that the Academy fund an outside evaluation of B.B. to determine his academic levels and speech and language therapy needs, as well as provide compensatory speech therapy services. (*Id.* at ¶ 23). The April 2016 complaint alleged that the Academy "fail[ed] to provide B.B. a [free appropriate public education] from September 2013 through September 2014" by: (i) "Not providing Student Speech and Languages Services and testing"; (ii) "Failing to provide Student appropriate cognitive testing, tests of academic achievement, tests of Student's social/emotional/ behavioral functioning, adaptive skills testing, tests of executive functioning tests of memory and learning;" (iii) "Fail[ing] to timely conduct an annual review of Student's IEP"; and (iv) "Fail[ing] to implement Student's preexisting IEP from Red Clay District when he entered Charter." (*Id.* at ¶ 29; D.I. 4-1 at ¶ 2).

I see no differences in the alleged injuries raised in the two administrative complaints. Both complaints cover the same time period, September 2013 to September 2014. Both complaints allege that the Academy failed to provide speech and language services, failed to update B.B.'s IEP, and failed to conduct testing for B.B.'s speech and language therapy needs as well as testing to determine his academic levels. Accordingly, I cannot conclude that the Dismissal Opinion made a manifest error of law or fact when it concluded that Plaintiff knew or should have

known of his alleged injuries as of February 21, 2014, which is more than two years before he filed the April 2016 administrative complaint.

Plaintiff argues that any conclusion as to the KOSHK date relies on highly disputed facts. (D.I. 19 at 4). But the description of IDEA violations set forth in February 2014 complaint comes from Plaintiff's own complaint. And the description of the IDEA violations set forth in April 2016 complaint come from the Panel Decision of which the court may take judicial notice. The court must rely on the Panel Decision to find out what IDEA violations formed the basis of the April 2016 administrative complaint because Plaintiff's complaint inexplicably omits this essential information. The complaint simply states, "In this complaint, the Family sought ... an award of compensatory education for [the Academy's] failure to provide B.B. a [free appropriate public education] from September 2013 through September 2014." (D.I. 1 at ¶ 29).

### E. Continuing Violation and Separate Injuries

Plaintiff argues that the Court made a clear error of law when it dismissed claims arising between April 1, 2014 and September 2014, as those injuries were within the two-year limitations period. (D.I. 19 at 6). According to Plaintiff, the Academy's "continued failure to provide B.B. a [free appropriate public education] ... is a continuing violation for which Plaintiffs may seek relief during the two-year

17

period preceding the filing of the Due Process complaint." (*Id.* at 9). In the alternative, Plaintiff argues that the "Complaint alleges separate injuries that could only have arisen after April 1, 2016."[4] (D.I. 19 at 9).

As an initial matter, "[T]he IDEA statute of limitations is not subject to equitable tolling principles, including the continuing violation doctrine." *S.B. v. Trenton Bd. of Educ.*, 2014 WL 5089716, at *7 (D.N.J. Oct. 9, 2014) (citing *D.K. v. Abington Sch. Dist.*, 696 F.3d 233, 248 (3d Cir. 2012)). "[C]laims that are known or reasonably should be known to parents must be brought within two years of that 'knew or should have known' date, and parents may not... knowingly sit on their rights or attempt to sweep both timely and expired claims into a single 'continuing violation' claim brought years later." *G.L. v. Ligonier Valley School Dist. Auth.*, 802 F.3d 601, 625 (3d Cir. 2015); *see also Evan H., ex rel. Kosta H. v. Unionville-Chadds Ford School Dist.*, 2008 WL 4791634, at *5 (E.D. Pa. Nov. 4, 2008) (agreeing with other federal courts that the IDEA "is not subject to the continuing

---

[4]     Plaintiff identified the following separate injuries: "[1] in May 2014, the Charter School agreed to evaluate B.B., but thereafter failed to perform comprehensive testing; [2] the Charter School failed during the summer of 2014 to provide B.B. with the appropriate transportation he required to access the compensatory speech and language services that the Charter School agreed to provide; and [3] the Charter School failed to provide B.B. with compensatory speech and language services through the time of his disenrollment in September 2016." (D.I. 19 at 9 (internal citations omitted)).

violation or equitable tolling doctrines"). Plaintiff relies on *Jana K. v. Annville-Cleona School District*, 39 F. Supp. 3d 584 (M.D. Pa. 2014), to argue that he may proceed under a "continuing violation" theory. I do not see, however, how *Jana K.* can be reconciled with *Ligonier Valley School Dist.*, 802 F.3d at 625, which is binding precedent.

In addition, Plaintiff did not argue in his opposition to the motion to dismiss that there were separate injuries arising after April 1, 2014 that could be the basis of independent claims within the statute of limitations. (*See* D.I. 6). The Dismissal Opinion itself noted that Plaintiff made no arguments in response to the Department's assertion that the alleged injuries in the April 2016 administrative complaint are the same as the alleged injuries in the February 2014 administrative complaint. (D.I. 17 at ¶ 11). Although the complaint mentions the particular events upon which Plaintiff now relies as "separate" injuries, Plaintiff did not identify those events as purportedly separate and independent injuries until his motion for reargument.[5] Plaintiff's only argument on the motion to dismiss was that it was an

---

[5]     There was no allegation in the complaint that Plaintiff was seeking relief for "separate" injuries arising after April 1, 2016. The complaint simply states that it "seeks reversal of a portion of the Panel's decision, i.e., its decision to dismiss claims against both parties from the period April 1, 2014 through September 2014." (D.I. 1 at ¶ 5). The use of the word "portion" suggests that Plaintiff was relying on the continuing violation doctrine, which the complaint invoked. (D.I. 1 at ¶¶ 26 (stating that the injuries were "ongoing and continued through September 2014")).

improper vehicle for deciding a statute of limitations defense. (D.I. 6 at ¶¶ 31-36). Thus, Plaintiff is attempting "to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided.'" *Davis v. Mountaire Farms, Inc.*, 2005 WL 1800054, at *1 (D. Del. July 29, 2005) (quoting *Brambles*, 735 F. Supp. at 1240).

A motion for reargument is not an opportunity to "accomplish repetition of arguments that were or should have been presented to the court previously." *Karr v. Castle*, 768 F. Supp. 1087, 1093 (D. Del. 1991). "On this ground alone, [the] motion for reconsideration should be denied." *Ryan v. Asbestos Workers Union Local 42 Pension Fund*, 2000 WL 1239958, at *8 (D. Del. Aug. 25, 2000); *see also Chemipal Ltd. v. Slim-Fast Nutritional Foods Int'l., Inc.*, 2005 WL 1384695, at *3 (D. Del. May 12, 2005) (denying motion for reconsideration where plaintiff raised a new argument that "could have been, and thus certainly should have been, presented in the first instance"). Accordingly, Plaintiff has not raised a valid basis for granting the motion for reargument.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiffs' motion for reargument (D.I. 19) is denied. An appropriate order will be entered.